UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

THOMAS KIMBRO, on behalf of
himself and all others similarly situated,

    Plaintiff,                                            **CLASS ACTION**

v.                                                         **JURY DEMAND**

STERLING JEWELERS INC., d/b/a
JARED THE GALLERIA OF JEWELRY,

    Defendant.
_____/

**CLASS ACTION COMPLAINT**

1.     Defendant is a specialty jewelry company headquartered in Akron, Ohio. Defendant is the parent company of approximately at least one dozen store brands operating in the United States, including "Jared the Galleria of Jewelry."

2.     This is a class action against Defendant for overstating diamond weights on jewelry sold in Jared the Galleria of Jewelry physical stores, as well as through its website www.jared.com.

3.     During the class period, Defendant systematically inflated the total weights of uncertified diamonds knowing that the average consumer would have no way of knowing that the weights were inflated prior to purchase.

4.     According to the Federal Trade Commission, when diamond weight is stated as a decimal figure, diamond weights must be accurate to the last decimal place. Likewise, there are certain requirements when diamond weight is stated as a fraction:

    16 C.F.R. § 23.18     Misrepresentation of weight and "total weight."

        a. It is unfair or deceptive to misrepresent the weight of a diamond.

b. It is unfair or deceptive to use the word "point" or any abbreviation in any representation, advertising, marking, or labeling to describe the weight of a diamond, unless the weight is also stated as decimal parts of a carat (e.g., 25 points or .25 carat).

NOTE 1 TO PARAGRAPH (b): A carat is a standard unit of weight for a diamond and is equivalent to 200 milligrams (1⁄5 gram). A point is one one-hundredth (1⁄100) of a carat.

c. If diamond weight is stated as decimal parts of a carat (e.g., .47 carat), the stated figure should be accurate to the last decimal place. If diamond weight is stated to only one decimal place (e.g., .5 carat), the stated figure should be accurate to the second decimal place (e.g., ".5 carat" could represent a diamond weight between .495-.504).

d. If diamond weight is stated as fractional parts of a carat, a conspicuous disclosure of the fact that the diamond weight is not exact should be made in close proximity to the fractional representation and a disclosure of a reasonable range of weight for each fraction (or the weight tolerance being used) should also be made.

NOTE TO PARAGRAPH (d): When fractional representations of diamond weight are made, as described in paragraph d of this section, in catalogs or other printed materials, the disclosure of the fact that the actual diamond weight is within a specified range should be made conspicuously on every page where a fractional representation is made. Such disclosure may refer to a chart or other detailed explanation of the actual ranges used. For example, "Diamond weights are not exact; see chart on p. X for ranges."

5. Defendant's diamond weights, when displayed in decimal numbers, are not accurate to the last decimal point.

6. Similarly, Defendant's diamond weights, when displayed as fractional parts of a carat, are not accompanied by a conspicuous disclosure of the fact that the diamond weight is not exact, nor is it accompanied by a disclosure of the weight tolerance used by Defendant.

7. Defendant's diamond products are sold throughout the United States, both inside Florida and outside Florida.

## PARTIES

8. Plaintiff, Thomas Kimbro, is a natural person and at all relevant times a resident and citizen of Martin County, Florida.

9. Defendant is a corporation with its principal place of business located at 375 Ghent Road, Akron, OH 44333 conducting business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because this is an action for a sum exceeding $5,000,000.00, exclusive of interest and costs, and in which at least one class member is a citizen of a state different than Defendant

11. This Court has personal jurisdiction over Defendant.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District and Defendant is authorized to conduct business in this District, has intentionally availed itself of the laws and markets within this District through the promotion, marketing, distribution, and sale of products in this District, and is subject to personal jurisdiction in this District.

**FACTUAL ALLEGATIONS**

13. Defendant operates approximately two hundred (200) retail "Jared the Galleria of Jewelry Stores" nationwide, including over twenty (20) stores in the State of Florida.

14. Plaintiff purchased a diamond ring from Defendant at its retail location in Palm Beach Gardens, Florida on or about August 11, 2018.

15. At the time of the purchase, the Defendant showed Plaintiff a diamond ring from the Neil Lane Bridal Set collection.

16. The diamond ring at issue came with a product description that purported to depict the total weight of the diamonds as fraction representations of carats.

17. After purchasing the ring, the Defendant gave the Plaintiff an "insurance replacement estimate" card.

18. This card contained the description of the physical characteristics of the jewelry purchased by Plaintiff.

19. This card did not contain a conspicuous disclosure that the weight of the diamonds sold to Plaintiff was not exact.

20. This card also did not contain a conspicuous statement setting forth the weight tolerance used by the Defendant.

21. This card also contained an entry for the total weight of the diamonds purchased by the Plaintiff.

22. The Defendant wrote the total weight to two decimal places.

23. Unbeknownst to the Plaintiff at the time, the diamond weight that appeared written on the product description was below the actual weight of the diamond.

24. According to the 16 C.F.R. §23.18, when a diamond weight is given as a decimal

representation, the written representation must be accurate to the last decimal place.

25. Similarly, when the diamond weight is given as a fraction of a carat, a conspicuous disclosure must be given that the weight is not exact, and the weight tolerance used by the merchant must appear on the disclosure.

26. The Defendant violated both of these requirements.

27. A violation of these requirements makes this business practice an unfair and deceptive business practice.

## CLASS ALLEGATIONS

28. As detailed below in the individual counts, Plaintiff brings this lawsuit on behalf of himself and all others similarly situated, pursuant to Rule 23(a), (b)(2) and (b)(3) and (c)(4) of the Federal Rules of Civil Procedure.

**CLASS DEFINITIONS**

29. Plaintiff seeks to represent the following:

> a. Nationwide Class: All persons in the United States who purchased one or more pieces of jewelry where 1) the weight of diamonds indicated in decimal numbers on the written product description exceeded the actual weight of the diamonds in the jewelry by more than 1/100 of a carat (1 point, 2mg) and/or 2) the weight of diamonds indicated as a fraction of a carat appeared without a conspicuous disclosure that the weight was not exact, and the weight tolerance was not provided, within four years preceding the filing of this complaint.;
>
> and
>
> b. Florida Subclass: All persons in the State of Florida who

purchased one or more pieces of jewelry where 1) the weight of diamonds indicated in decimal numbers on the written product description exceeded the actual weight of the diamonds in the jewelry by more than 1/100 of a carat (1 point, 2mg) and 2) the weight of diamonds indicated as a fraction of a carat appeared without a conspicuous disclosure that the weight was not exact, and the weight tolerance was not provided, within four years preceding the filing of this complaint.;

30. Together, the National Class and the Florida Subclass shall be collectively referred to herein as the "Class".

31. Excluded from the Class are Defendant, as well as its officers, employees, agents, board members, and legal counsel, and any judge who presides over this action (or spouse or family member of presiding judge), as well as all past and present employees, officers, and directors of Defendant.

32. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with Plaintiff's Motion for Class Certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

**NUMEROSITY**

33. The class is composed of thousands of individuals, whose joinder in this action would be impracticable. The disposition of their claims through this class action will benefit all Class Members, the parties, and the Courts.

34. While the precise number of class members is currently unknown to Plaintiff, the evidence will show that Defendant has sold mislabeled jewelry to thousands of consumers

nationwide.

35. Moreover, it is administratively feasible to ascertain class members by reference to objective criteria: consumers who purchased diamond jewelry from Defendant during specified time periods. There are no subjective issues such that determining class membership would require a "minitrial" on the merits of each class member's claim.

36. The evidence will show that Defendant maintains records that will be useful in identifying Class Members.

37. Moreover, the evidence will show that self-identification of class members will be a manageable process. Class members will be able to self-identify through proof of purchase (receipts; credit card statements; possession of actual jewelry).

## COMMONALITY/PREDOMINANCE

38. This action involves common questions of law and fact, which predominate over any questions affecting individual class members. These common legal and factual questions include, but are not limited to, the following: [1] whether the claims discussed above are true, or are misleading, or objectively reasonably likely to deceive; [2] whether the alleged conduct constitutes violations of the FDUTPA; [3] whether Defendant engaged in false or misleading advertising; [4] whether Defendant has been unjustly enriched at the expense of Plaintiff and the Class members as a result of Defendant's false and misleading representations; [5] whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and [6] whether Plaintiff and Class members are entitled to other appropriate remedies, including a declaration.

## TYPICALITY

39. Plaintiffs' claims are typical of the claims of the members of the Class because,

*inter alia*, all Class members were injured through the uniform misconduct described above and were subject to Defendant's deceptive labeling of diamond weights. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all Class Members.

40. The evidence that will support and prove Plaintiffs claims are probative of each Class Member, with damages being the only divergent factual characteristic.

41. Plaintiffs' claims are thus typical of the claims of the classes he seeks to represent.

### ADEQUACY OF REPRESENTATION

42. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class that he seeks to represent; he has retained counsel competent and highly experienced in complex class action litigation and he intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his undersigned counsel.

### REQUIREMENT OF FED. R. CIV. P. 23(B)(3)

43. The questions of law or fact common to Plaintiff's and each Class member's claims predominate over any questions of law or fact affecting only individual members of the Class. All claims by Plaintiff and the unnamed Class members are based on the common marketing and sales practices Defendant utilized in its sale of diamond jewelry to Plaintiff and the unnamed Class members.

44. Common issues predominate when, as here, liability can be determined on a class wide basis, even when there will be some individualized damages determinations.

45. As a result, when determining whether common questions predominate, courts focus on the liability issue, and if the liability issue is common to the Class as is in the case at

bar, common questions will be held to predominate over individual questions.

## SUPERIORITY

46. A class action is superior to individual actions in part because of following non-exhaustive factors: [1] Joinder of all Class members would create extreme hardship and inconvenience for the affected customers as they reside throughout the country; [2] Individual claims by Class members are impractical because the costs to pursue individual claims exceed the value of what any one Class member has at stake. As a result, individual Class members have no interest in prosecuting and controlling separate actions; [3] There are no known individual Class members who are interested in individually controlling the prosecution of separate actions; [4] The interests of justice will be well served by resolving the common disputes of potential Class members in one forum; [5] Individual suits would not be cost effective or economically maintainable as individual actions; and [6] The action is manageable as a class action.

## REQUIREMENT OF FED. R. CIV. P. 23(B)(2)

47. Defendant has acted and/or refused to act on grounds generally applicable to the classes by engaging in a uniform marketing and advertising campaign containing false, misleading and deceptive representations and material omissions that were and are reasonably likely to mislead Plaintiffs and the Classes, thereby making appropriate final declaratory relief with respect to the classes as a whole.

48. As it is clear that the predominant issue regarding Defendant's liability is whether Defendant's representations were unfair and deceptive because it systematically mislabeled the weights of diamonds , utilizing Rule 23(c)(4) to certify either or both of the Florida Classes for a class wide adjudication on this issue would materially advance the disposition of the litigation as a whole.

## FRAUDULENT CONCEALMENT TOLLING

49. All applicable statutes of limitation have been tolled by Defendant's knowing and active deceptive concealment and denial of the facts alleged herein throughout the period relevant to this action. Plaintiffs and members of the class did not and could not have known about the facts giving rise to the causes of action at any point during Defendant's history of mislabeling diamond weights. Defendant deceptively concealed the truth from its customers and, accordingly, the relevant statutes of limitation should be equitably tolled.

50. Instead of disclosing the true weights of diamonds to consumers, Defendant mislabeled the weights in order to increase the value of the jewelry it sold. By making many affirmative representations that concealed the true weight of diamonds as described in this complaint, Defendant actively and successfully concealed Plaintiffs' and class members' causes of action (which are based on the deceptive and untrue practices made by Defendant as described in this complaint).

51. Furthermore, by continuously mislabeling the weights of diamonds, Defendant actively and successfully concealed Plaintiffs' and class members' causes of action by deceptive means.

## COUNT I
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

52. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 – 51 as if fully set forth herein.

53. This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, section 501.201, Fla. Stat., et seq. ("FDUTPA"). The stated purpose of the FDUTPA is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade

or commerce." Fla. Stat.§ 501.202(2).

54. Plaintiff is a consumer as defined by Fla. Stat. § 501.203. The diamonds referenced in this Complaint are goods within the meaning of the FDUTPA. Defendant is engaged in trade or commerce within the meaning of the FDUTPA.

55. Section 501.204(1), Fla. Stat., declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

56. 501.203(3)(c) makes any violation of "any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices" a violation of this Act.

57. The FDUTPA also prohibits false and misleading advertising. Defendant has violated the FDUTPA by committing unconscionable acts or practices and unfair or deceptive acts or practices in the conduct of trade or commerce.

58. Defendant's unfair and deceptive practices as described herein are likely to mislead—and have misled—consumers acting reasonably given the circumstances.

59. Specifically, Defendant has violated the FDUTPA by overstating the carat weight of the diamonds in jewelry sold by Defendant.

60. Defendant has also committed a *per se* violation of the FDUTPA by violating 16 C.F.R. § 23.18.

61. Specifically, Defendant has violated the FDUTPA by representing the weight of diamonds to be greater than allowable under 16 C.F.R. § 23.18.

62. Similarly, Defendant has violated FDUTPA by not providing a conspicuous disclosure that the weights of its diamonds are not exact, and not providing the weight tolerance

it uses.

63. Through its unfair acts and practices, Defendant has improperly obtained money from Plaintiff and members of the Class. As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all Class Members, and to enjoin Defendant from continuing to violate the FDUTPA as discussed herein and/or from violating the FDUTPA in the future. Otherwise, Plaintiff, the Class, and members of the general public may be irreparable harmed and/or denied an effective and complete remedy if such an order is not granted.

64. The harm suffered by Plaintiffs and consumers in the Class was directly and proximately caused by the deceptive, misleading and unfair practices of Defendant, as more fully described herein.

65. Pursuant to §§ 501.211(2) and 501.2105, Fla. Stat., Plaintiffs and consumers in the Class make claims for damages, attorneys' fees and costs.

**COUNT II**
**ALTERNATIVE COUNT FOR VIOLATIONS OF STATE CONSUMER PROTECTION LAWS (ON BEHALF OF THE CLASS)**

66. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-51 as if fully set forth herein.

67. Plaintiff brings this claim in the alternative, individually, on behalf of all similarly situated residents of the states in which they contracted with Defendant, for violations of the consumer protection acts of those states.

68. All of the states where members of the class and Defendant contracted have enacted statutes designed to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising. There statutes are:

a. Alabama Deceptive Trade Practices Act, Ala. Statutes Ann. §§ 8-19-1, et. seq.;

b. Arizona Consumer Fraud Act, Arizona Revised Statutes, §§ 44-1521, et. seq;

c. Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, et. seq;

d. California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et. seq;

e. California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et. seq;

f. Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, et. seq;

g. Connecticut Unfair Trade Practices Act, Conn. Gen. State § 42-110a, et. seq;

h. Delaware Deceptive Trade Practices Act, 6 Del. Code § 2511, et. seq;

i. Georgia Fair Business Practices Act, § 10-1-390, et. seq;

j. Idaho Consumer Protection Act, Idaho Code § 48-601, et. seq;

k. Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, et. seq;

l. Indiana Deceptive Consumer Sales Act, Indiana Code Ann. §§ 24-5-0.5-0.1, et. seq;

m. Iowa Consumer Fraud Act, Iowa Code §§ 714.16, et. seq;

n. Kansas Consumer Protection Act, Kan. Stat. Ann §§ 50-626, et. seq;

o. Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, et. seq;

p. Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann §§ 365.020, et. seq;

q. Maryland Consumer Protection Act, Md. Com. Law Code §§ 13-101, et. seq;

r. Michigan Consumer Protection Act, §§ 445.901, et. seq;

s. Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68, et. seq;

t. Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43, et. seq;

u. Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, et. seq;

v. Nebraska Consumer Protection Act, Ne. Rev. Stat. § 59-1601, et. seq;

w. Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, et. seq;

x. Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, et. seq;

y. New Jersey Consumer Fraud Act, N.J. Stat. Ann §§ 56:81, et. seq;

z. New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57 121, et. seq;

aa. New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Laws §§ 349, et. seq;

bb. North Carolina Unfair and Deceptive Trade Practices Act, North Carolina General Statutes §§ 75-1, et. seq;

cc. North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, et. seq;

dd. Ohio Deceptive Trade Practices Act, Ohio Rev. Code Ann. §§ 4165.01, et. seq;

ee. Oklahoma Consumer Protection Act, Okla. Stat. 15 § 751, et. seq;

ff. Oregon Unfair Trade Practices Act, Rev. Stat § 646.605, et. seq;

gg. Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Penn. Stat. Ann. §§ 201-1, et. seq;

hh. South Carolina Unfair Trade Practices Act, S.C. Code Laws § 39-5-10, et. seq;

ii. South Dakota Deceptive Trade Practices and Consumer Protection Laws, S.D. Codified Laws §§ 37 24 1, et. seq;

jj. Tennessee Trade Practices Act, Tennessee Code Annotated §§ 47-25-101, et. seq;

kk. Texas Deceptive Trade Practices-Consumer Protection Act, Texas Stat. Ann. §§ 17.41, et. seq;

    ll.  Virginia Consumer Protection Act, Virginia Code Ann. §§ 59.1-196, et. seq;

    mm.  Washington Consumer Fraud Act, Wash. Rev. Code § 19.86.010, et. seq;

    nn.  Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100.18, et. seq;

69. The diamond jewelry marketed and sold by Defendant constitutes products to which these consumer protections laws apply.

70. Defendant's deceptive acts and omissions, and Defendant's dissemination of deceptive and misleading advertising and marketing materials in connection therewith, occurring in the course of conduct involving trade or commerce, constitute unfair methods of competition and unfair or deceptive acts or practices within the meaning of each of the above enumerated statutes.

71. Defendant's unfair and deceptive business practices damaged the class members.

72. Plaintiff, on behalf of the class members seeks monetary damages and attorney's fees and costs.

## COUNT III
## UNJUST ENRICHMENT

73. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 – 51 as if fully set forth herein.

74. At all times relevant hereto, Defendant mislabeled the weight of diamonds in the jewelry it sold to consumers thereby misleading them into paying a higher price for a product they believed contained a larger weight of diamonds.

75. Plaintiff and consumers in the Class conferred upon Defendant non-gratuitous payments for the mislabeled jewelry described in this complaint. Defendant appreciated, accepted or retained the non-gratuitous benefits conferred by Plaintiff and consumers in the Florida Class, with full knowledge and awareness that, as a result of Defendant's deceptive

marketing and practices, Plaintiffs and consumers in the Class were not receiving products of the quality, nature, fitness or value that had been represented by Defendant and reasonable consumers would have expected. In fact, the products purchased were worth far less than consumers were led to believe.

76. Defendant profited from its unlawful, unfair, misleading, and deceptive practices and advertising at the expense of Plaintiff and consumers in the Florida Class under circumstances in which it would be unjust for Defendant to be permitted to retain the benefit. Under common law principles of unjust enrichment, Defendant should not be permitted to retain the benefits of this unjust enrichment.

77. Because Defendant's retention of the non-gratuitous benefits conferred by Plaintiff and consumers in the Class is unjust and inequitable, Plaintiff and consumers in the Class are entitled to, and hereby seek disgorgement and restitution of Defendant's wrongful profits, revenue, and benefits in a manner established by the Court.

## COUNT IV
## BREACH OF CONTRACT

78. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-51 as if fully set forth herein.

79. Plaintiff had a contractual relationship with Defendant. Defendant offered to sell Plaintiff a total weigh of 2 carats of diamonds.

80. Plaintiff accepted this offer and purchased the jewelry.

81. The contractual relationship was supported by consideration by and for all parties.

82. Plaintiff satisfied all of his obligations under the contractual relationship.

83. Defendant did not.

84. Defendant breached its obligations by selling Plaintiff a diamond set that weighed

less than what Plaintiff bargained for.

85. Defendant was the proximate cause of Plaintiff's damages, in that Plaintiff did not receive the weight of the diamond that he paid for.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment:

 a. Certifying the National Class and Florida Class as requested herein;

 b. Awarding declaratory relief as permitted by law or equity;

 c. Awarding Plaintiffs and consumers in the Class damages;

 d. Awarding restitution and disgorgement of Defendant's revenues to Plaintiffs and consumers in the Class;

 e. Awarding attorneys' fees and costs; and

 f. Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial as to all claims so triable.

DATED: August 21, 2021.

        Respectfully submitted,

        By: */s/ Michael A. Citron*
        Michael A. Citron, Esq.
        Florida Bar No. 105083
        **MAC LEGAL, P.A.**
        4601 Sheridan Street, Suite 205
        Hollywood, Florida 33021
        Telephone: (954) 395-2954
        Email: Michael@maclegalpa.com – Correspondence
        Email: Service@maclegalpa.com – Service Address

        Igor Hernandez, Esq.
        Florida Bar No. 106386
        **CORNISH HERNANDEZ GONZALEZ, PLLC**
        2525 Ponce de Leon Blvd, Suite 300

Coral Gables, Florida  33134
Telephone: (305) 780-6058
Email: service@CHGLawyers.com
Email: ihernandez@chglawyers.com

Ely R. Levy, Esq.
Florida Bar No. 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
**LEVY & PARTNERS, PLLC**
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
Email: elevy@lawlp.com – Service Address
Email: venessa@lawlp.com – Service Address
Email: Maritza@lawlp.com – Service Address